**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ernesto Molina, | ) | No. CV 06-3061-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Phoenix Police Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a Stipulation to Dismiss the Claim for Civil Rights Violation and to Dismiss Paul McMurry and Jane Doe McMurry as Defendants with Prejudice (Doc. # 13).  Also pending is Plaintiff's Motion to Remand (Doc. # 14).

On October 2, 2006, Plaintiff filed a complaint in Maricopa County Superior Court against the City of Phoenix Police Department, Warren Tittlemier, Jane Doe Tittlemier, Paul McMurry and Jane Doe McMurry.  In the complaint, Plaintiff asserted a claim for damages under 42 U.S.C. § 1983, as well as state law claims of negligence, assault and battery.  On December 20, 2006, Defendants removed the action to federal court on the basis of 28 U.S.C. § 1331 because Plaintiff's complaint asserted a claim under the law and Constitution of the United States.

On January 25, 2007, the parties filed a stipulation to dismiss the civil rights claim and Defendants Paul McMurry and Jane Doe McMurry (Doc. # 13).  In the stipulation, the parties represent that they "stipulate to dismiss the civil rights violation claim and to dismiss Paul

1   McMurry and Jane Doe McMurry . . . with prejudice." Based on their agreement, the Court
2   will grant the stipulation. Thus, the civil rights violation claim and Defendants Paul
3   McMurry and Jane Doe McMurry will be dismissed with prejudice.

4          Also on January 25, 2007, Plaintiff filed a motion to remand (Doc. # 14). In the
5   motion, Plaintiff argues that the Court no longer has jurisdiction of this matter because the
6   parties stipulated to the dismissal of the civil rights claim and the remaining claims are based
7   on state law. In response, Defendants counter that Plaintiff's stipulation is a ploy to
8   manipulate a return to state court and that the Court has discretion to retain jurisdiction over
9   the pendent state law claims even though the federal civil rights claim has been dismissed.

10         In the Ninth Circuit, "if a claim 'arising under' federal law existed at the time of
11  removal, the federal court has discretion to retain jurisdiction to adjudicate pendent state
12  claims even if at some point the federal claim has been dropped." *Millar v. Bay Area Rapid*
13  *Transit District*, 236 F.Supp.2d 1110, 1116 (N.D.Cal. 2002) (citing *Carnegie-Mellon Univ.*
14  *v. Cohill*, 484 U.S. 343, 350 (1988); *Nishimoto v. Federman-Bachrach & Associates*, 903
15  F.2d 709, 715 (9th Cir. 1990); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Securities*
16  *Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (stating that a plaintiff may not *compel*
17  remand by amending a complaint to eliminate the federal question upon which removal was
18  based). In deciding whether to exercise discretion to retain jurisdiction over the pendent state
19  law claims, the factors the Court should consider include judicial economy, convenience,
20  fairness, and comity. *Millar*, 236 F.Supp.2d at 1119 (citing *Acri v. Varian Associates*, 114
21  F.3d 999, 1001 (9th Cir. 1997)). The Court also "may consider whether plaintiff has engaged
22  in 'manipulative tactics' - i.e., is dismissing federal claims in an exercise in unprincipled
23  forum shopping." *Id.* (citing *Carnegie-Mellon Univ.*, 484 U.S. at 357 (stating, however, that
24  this concern does not justify a "categorical prohibition" against remand; instead, the court
25  should take such behavior into account in determining whether the balance of factors
26  supports remand)).

27
28
                                         - 2 -

1       Considering the foregoing factors, the Court declines to exercise its discretion to
2   retain jurisdiction over the pendent state law claims. First, issues of judicial economy weigh
3   in favor of remand. The Court has not ruled on any motions prior to the filing of Plaintiff's
4   motion to remand. The Court's involvement in this case has been limited to a Rule 16
5   scheduling conference and the issuance of a pre-trial order. Further, the Court has not
6   performed any substantive legal analysis that will need to be repeated by the state court and
7   a trial is not imminent. Second, issues of comity also weigh in favor of remand. While the
8   state law claims are based on negligence, assault and battery, which claims do not appear to
9   present novel issues of state law, the Court finds that it is preferable for a state court to apply
10  state law to Plaintiff's state law claims. Third, issues of convenience and fairness do not
11  favor either retention of the case or remand. Both the federal and state forums are convenient
12  in that both are located in Phoenix and Defendants have not provided any evidence to show
13  that litigating in state court, as opposed to federal court, would otherwise be unfair. Finally,
14  Defendants submitted no evidence to support their argument that Plaintiff has engaged in
15  improper forum shopping by dismissing the federal civil rights claim. In fact, the Court notes
16  that the parties jointly filed the stipulation dismissing the claim such that there was no
17  unilateral act on Plaintiff's part to render the case subject to remand.

18      Accordingly, based on a consideration of the foregoing factors, the Court declines to
19  exercise its discretion to retain jurisdiction over the pendent state law claims and will remand
20  this case to the Maricopa County Superior Court for the State of Arizona.

21      For the foregoing reasons,

22      **IT IS ORDERED** that the Stipulation to Dismiss the Claim for Civil Rights Violation
23  and to Dismiss Paul McMurry and Jane Doe McMurry as Defendants with Prejudice (Doc.
24  # 13) is GRANTED;

25      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. # 14) is
26  GRANTED;

27  ///

28                                         - 3 -

1    **IT IS FURTHER ORDERED** that this action is remanded to the Maricopa County

2    Superior Court for the State of Arizona.

3    DATED this 5th day of April, 2007.

4

5

6    _____

     James A. Teilborg
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            - 4 -